IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Charles E. Smith,                    :

      Plaintiff,                  :

    v.                               :    Case No. 2:08-cv-0648

                               :    JUDGE MARBLEY

Commissioner of Social
Security,
                               :

      Defendant.

<u>ORDER</u>

On September 21, 2009, the Court entered judgment sustaining
the plaintiff's statement of errors and remanding this case to
the Commissioner for further proceedings pursuant to 42 U.S.C.
§405(g), sentence four.  Plaintiff subsequently moved for an
award of attorneys' fees pursuant to the Equal Access to Justice
Act, 28 U.S.C. §2412.  Responsive and reply memoranda have been
filed.  For the following reasons, plaintiff's motion will be
granted, and plaintiff will be awarded fees in the amount of
$3,462.26.

The Equal Access to Justice Act, 28 U.S.C. §2412, provides,
in pertinent part, that the Court shall award to a prevailing
party other than the United States attorneys' fees and expenses
"unless the court finds that the position of the United States
was substantially justified or that special circumstances make an
award unjust."

The party seeking an award of such fees and expenses is
required to submit a fee application to the court within 30 days
of the date that the judgment became final and non-appealable.
The application must demonstrate that the party is a prevailing
party and is eligible to receive a fee award.  It must also
document the amount sought, including an itemized statement from

the attorney or attorneys involved, and must allege that the
position of the United States was not substantially justified.
The court is then required to determine, on the basis of the
record, whether the position of the United States was
substantially justified.  Attorneys' fees are limited to the rate
of $125.00 per hour "unless the court determines that an increase
in the cost of living or a special factor, such as the limited
availability of qualified attorneys for the proceedings involved,
justifies a higher fee."

Once a petition has been filed alleging that the position of
the United States was not substantially justified, the United
States has the burden of demonstrating such justification.  See
Miller v. United States, 831 F. Supp. 1347, 1351 (M.D. Tenn.
1993) ("The burden lies with the government to demonstrate that
its position was substantially justified ...."); Weber v.
Weinberger, 651 F.Supp. 1379, 1388 (E.D. Mich. 1987) ("with
respect to an application for attorney's fees the Government has
the burden of showing that its position was substantially
justified."); see also Howard v. Heckler, 581 F. Supp. 1231, 1233
(S.D. Ohio 1984).  The question of whether the United States'
position is substantially justified is determined based upon the
standards set forth in Pierce v. Underwood, 487 U.S. 552 (1988).
In Pierce, the Court concluded that the phrase "substantially
justified" as used in the EAJA means justified "to a degree that
could satisfy a reasonable person."  Pierce, supra, at 565.  As
the Court noted, that test "is no different from the 'reasonable
basis both in law and fact' formulation adopted by the Ninth
Circuit and the vast majority of other Courts of Appeals that
have addressed this issue."  Id., citing, inter alia, Trident
Marine Construction, Inc. v. District Engineer, 766 F.2d 974 (6th
Cir. 1985). An agency decision that is not supported by
substantial evidence may still be one that has a reasonable basis

in law and fact.  Jankovich v. Bowen, 868 F.2d 867 (6th Cir. 1989).  Consequently, this Court is required to apply the "reasonable basis in law and fact" test set forth in Trident Marine Construction to this application for attorneys' fees.

Both the Report and Recommendation filed by the Magistrate Judge, and the order of the Court adopting that Report and Recommendation, pointed out two flaws in the administrative decision.  First, the Commissioner asked the medical expert to assess plaintiff's residual functional capacity without reference to plaintiff's pain, even though the record as a whole and the testimony of the medical expert indicated both that plaintiff's underlying conditions could reasonably be expected to cause pain and that his pain was the factor that most significantly limited his activities.  Second, when the Commissioner undertook to evaluate the extent to which plaintiff's subjective complaints were credible, he merely recited the applicable law without explaining how, if at all, the required considerations were applied to the facts of this case.  The combination of these errors led the Commissioner to find that plaintiff's residual functional capacity was essentially that testified to by the medical expert, which capacity did not, at the Commissioner's specific request, take plaintiff's pain into account.

The Commissioner's position in this case has consistently been that there was no need to ask the medical expert to evaluate plaintiff's pain because the decision of how much weight to give to the plaintiff's subjective reports of pain is reserved to the Commissioner.  The Commissioner then points to various portions of the record which supposedly support the finding that these reports were not credible.

The Court previously found that these arguments did not demonstrate that the Commissioner's decision was supported by substantial evidence.  The Court now finds that these arguments

were also not substantially justified.  There was simply no
reasonable basis upon which to argue that plaintiff's pain was
adequately taken into account in this case.  Both regulations and
controlling case law set forth the method and the factors to be
applied in evaluating subjective complaints of pain, and the
administrative decision was clearly deficient in applying these
factors.  Further, no one could reasonably argue that this is a
case where that deficiency was unimportant.  Given the residual
functional capacity attributed to plaintiff by the medical expert
without consideration of plaintiff's pain, had the Commissioner
ascribed any additional limitations to plaintiff based on his
pain, he would likely have been found to be disabled.  Finally,
there is substantial merit to plaintiff's argument that, to the
extent that the administrative decision did purport to analyze
plaintiff's subjective complaints of pain, it represented a very
selective reading of the record, which was replete with medical
evaluations ascribing severe restrictions to that pain.
Nevertheless, the Commissioner continued to argue that the
Administrative Law Judge had made an adequate credibility
finding.  In short, it should have been apparent to a reasonable
person that the administrative proceedings were sufficiently
deficient that a remand was going to be ordered.  Because that is
so, the Commissioner's litigation position was not substantially
justified.

The Commissioner makes no other argument in opposition to
the motion for attorneys' fees.  The number of hours expended on
this case appears to be reasonable, and the hourly rate
calculation contained in plaintiff's opening memorandum has not
been challenged.  Therefore, the Court will award fees in the
amount requested.

For the foregoing reasons, plaintiff's motion for an award
of attorneys' fees under the Equal Access to Justice Act (#22) is

GRANTED.  Plaintiff is awarded the sum of $3,462.26, to be paid within thirty days.

__s/Algenon L. Marbley__
Algenon L. Marbley
United States District Judge
